## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GEORGE LAWRENCE DOBSON #333351
     Petitioner                      :

v                                   :     Civil Action No. RWT-08-2417

NANCY ROUSE, et al.,           :
     Respondents

### <u>MEMORANDUM OPINION</u>

Respondents move to dismiss George Lawrence Dobson's application for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d).[1] Document 12. Dobson has responded, claiming generally that he is poorly educated and not well-versed in the law. Document 16. After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), <u>Rules Governing Section 2254 Cases in the United States District Courts</u>; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the court shall dismiss the Petition with prejudice as time-barred.

### Procedural History

George Lawrence Dobson attacks his February 7, 2006 guilty plea in the Circuit Court for Baltimore City to one count of first-degree sexual offense and one count of first-degree assault. Document 12, Exhibit 1 at 3. Dobson was sentenced that same day to life in prison with all but 30 years suspended for the first-degree sexual offense, and a concurrent 25-year term of incarceration for first-degree assault. *Id.* Dobson did not file an application for leave to appeal the entry of his plea and, accordingly, his judgment of conviction became final on March 9, 2006 pursuant to Md. Rule 8-204 (requiring application for leave to appeal to be filed within 30 days of date of judgment from which appeal is sought).

---

[1] Respondents also address the merits of Dobson's claims.

On March 7, 2007, some 362 days after his conviction became final, Dobson sought post-conviction relief in the Baltimore City Circuit Court.  Document 12, Exhibit 3.  Relief was denied in a memorandum and order dated October 4, 2007.  Document 12, Exhibit 5.  Dobson's application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland on July 21, 2008; the mandate issued on September 4, 2008.  Document 12, Exhibits 6 and 7.

Dobson's Petition was received here for filing on Monday, September 15, 2008.  Although the signature portion of the Petition is dated on the last day of the one-year limitations period (September 8, 2008, a Monday), Dobson's certificate of service portion of the Petition is dated three days outside the limitations period (September 11, 2008, a Thursday).

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[2] This one-year period is tolled while properly filed post-conviction proceedings are pending, and may

---

[2]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 (4th Cir. 2000).

In order to be entitled to equitable tolling, Dobson must establish that either some wrongful conduct by Respondents contributed to the delay in filing the post-conviction petition, or that circumstances that were beyond his control caused the delay. <u>See Rouse v. Lee</u>, 339  F. 3d 238, 246 (4th Cir. 2003); <u>Harris v. Hutchinson</u>, 209 F. 3d at  330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Id</u>.  Nothing in the record suggests that some extraordinary circumstance prevented Dobson from promptly seeking state post-conviction relief or from handing his habeas corpus petition to prison officials for mailing on September 8, 2008, the final day within the one-year limitations period. <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Rouse,</u> 339 F.3d at 246.  To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. <u>See</u>  <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004).   Dobson has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.  For the reasons stated herein, the Court will deny and dismiss the Petition.  A certificate of appealability will not issue because Dobson has not made a "substantial showing of the denial of a constitutional right."[3]  A separate order follows.

/s/
ROGER W. TITUS

January 29, 2010                          UNITED STATES DISTRICT JUDGE

---

claim is pending shall not be counted toward any period of limitation under this subsection.

[3] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir.) (quoting <u>Slack v. Daniel</u>, 529 U.S. 473, 484 (2000)).